Good morning. After ten years of litigation and a bench trial, the only thing that GEMSTAR is asking for now is a decision. And GEMSTAR's suit claims against PMC are not in moot for the simple reason that relief against PMC would still provide as much meaningful relief to GEMSTAR now as it would have at the outset of this suit. First, declaratory or injunctive relief against PMC would resolve the party's exclusive licensing rights, remove the cloud in GEMSTAR's title, and equally importantly, let the rest of the public know who owns these patent rights and therefore who they should be discussing a license with. Talk to me about jurisdiction. Certainly. Do you mean initial? Yeah, original jurisdiction and then is the supplemental jurisdiction solely within the discretion of the judge? If we agree with you that this is not moot, send it back. Well, if you agree with us that this is not moot, I think there are two really easy ways to cut through jurisdiction as to the other claims. The first is that everyone agrees that if the suit's not moot, the Declaratory Judgment Act claims going forward. But there still has to be federal jurisdiction. Right, but at a minimum, there would be supplemental jurisdiction. And I don't think there's any argument at all that a court could refuse to actually have supplemental jurisdiction over a federal claim seeking federal relief that raises no open issues of state law after 10 years and a bench trial. They've never argued that. The judges never intimated it. And I can't even imagine what that argument would be. So if one agrees, then, that there's at least, at a minimum, supplemental jurisdiction over the D.J. claim, then given the very close relationship between the D.J. claim and the contract claim, if reliability is very closely the same, there's even overlap as to relief in terms of declaratory relief, then again, I think it would be an easy, I mean, a very clear abuse of discretion to exercise supplemental jurisdiction over the one closely related claim, not the other. And so I think that's the easiest way to just skip through jurisdiction. If you agree with us, the predicate of your question is mootness. Another thing, and this isn't in the briefs because the procedural posture is odd enough, we weren't able to get it in the record, but after the claims against us were dismissed, the claims against the infringement defendants were also dismissed due to settlement. Without the infringement defendants in the case, there's now complete diversity between the remaining parties. So on remand, if you were remanded for the court to consider whether or not to exercise supplemental jurisdiction, which I think is at a minimum what you'd have to do, on remand we could easily fix this once the district court had jurisdiction by amending the pleadings or even filing a new suit to be consolidated with this one, alleging complete diversity. Do you agree that there is an original federal jurisdiction over this claim, the license claim? It doesn't seem to require the decision of an issue of patent law in order to decide the license question. Here's why it does, or at least why the district court was certainly entitled to conclude that it did. For the breach of contract claim, what constitutes the breach of contract here, and this is not just a D.J. suit among the licensees, there's a breach of contract claim here. What constitutes the breach of contract is PMC filing a suit against Scientific Atlanta alleging patent claims that fall within our exclusive field of use. So to determine if there's a breach of contract, the first thing, the main thing you do is figure out the exclusive field of use. But then there's also potentially an argument among the parties, and at this point in the case there is an argument among the parties, about which claims fall within the exclusive field of use with them saying that however the field of use is determined, they say that none of the asserted claims fall within it. So that requires at least some, I know it's not a lot, but that requires at least some consideration of the patent claims and their meaning, which presents the question of federal law. Wouldn't that turn on the interpretation of the contract and be a contract issue and therefore subject to jurisdiction elsewhere? There's no question that the interpretation of the licensing agreement is the big thing, which is why if you look at the trial, even with the contract claims at the trial, it was largely about how to interpret the agreement in the abstract. But to finish the breach of contract claim, though, you do then have to resolve the additional dispute as to which patent claims, which requires analysis of the patent claims, fall within the field of use however it's described. And if you're trying to decide is that really substantial enough to warrant a federal question for this purpose? The main thing I can point to, I think the best thing to point to is simply what PMC told the district court. Because PMC told the district court that resolution of these claims between these two parties would require extensive consideration of federal patent issues, including the meaning of the claims. I guess federal jurisdiction doesn't depend on consideration of patent issues. It requires that the patent issue be essential to the resolution of the case, and this seems to be a hard sell. I understand that this is probably our weakest jurisdictional argument, which is why I led with supplemental and diversity, which I think helped cut through it. But even so, although a party can't waive jurisdictional defenses, they certainly can agree to the predicates on which the district courts are entitled to rely on when they figure out if they have original jurisdiction. And here, with them vociferously arguing that to resolve these contract claims, you had to consider the meaning of the patent claims. You argued a moment ago when we were discussing supplemental jurisdiction that it would be an abuse of discretion. But that's fully within the discretion of the trial court, right? Well, discretion is not absolute. The whole point of courts of appeals doing abuse of discretion review is that sometimes there's an abuse of discretion. And in our brief, we cited a number of cases in which courts of appeals held it was an abuse of discretion for a district court to refuse as a discretionary matter to exercise supplemental jurisdiction after a case had been pending already for three or four or five years. After trot. After trot. After trot. No, there's no – we're not aware of any case – in those cases, that's the point. In those cases, there was abuse of discretion. What you're saying is the case is held as an abuse of discretion not to entertain it once you've gone through a trot. Or even through less time. Here, where we've gone through a trial and we've gone through 10 years, 10 years, and all we're waiting for is a decision. It would be under those other cases, this is not for sure a case for an abuse of discretion. The reason is supplemental jurisdiction. The whole point of supplemental jurisdiction is that when you go through a case like this where for the most time, all these claims are related to patent infringement claims that were pending for a long time. Therefore, they all got worked out. They all got litigated here. As a matter of efficiency, or even as a matter of respect for the state courts, once the federal courts already worked this up, it just makes no sense to then have – make the parties and a state court start over from scratch 10 years later. Among other things, it would be inimical to the whole purpose of a declaratory judgment, which is to provide a timely and clear resolution of rights. In fact, the only case that they can cite saying that there would not be an abuse of discretion if the district court on remand decided not to exercise supplemental jurisdiction, they say there's one case where the court of appeals upheld that after trial had been had. But in that case, I believe it's called the Williams case in the Seventh Circuit. In that case, what actually happened was the court of appeals had remanded the district court for a new trial. The prior trial was wiped out. And then in remand, a new district judge was having to look at doing a new trial. And at that point, it was at that point the court of appeals said, well, that and some other things, it's not an abuse of discretion. But here, where it's all teed up, this judge already had a trial. All we need is a decision. There's no case saying that at that point it would make any sense at all for the district judge not to go ahead and decide the case. I would also emphasize that the district judge has not disagreed with us on that in the sense that in its first order, he did see a response. He declined to exercise supplemental jurisdiction. But that was without any reasonings, without consideration of the relevant factors, which itself is an abuse of discretion. But then after we had the chance to brief it on rehearing, the district judge did not reiterate anything about supplemental jurisdiction. So it still would be an open question under the proper legal standard for the court. And given all of these factors and the fact that there's no other case in which a court has ever upheld the dismissal of declaratory jurisdiction at this incredibly late date. Do you want to tell us anything about why your litigation expenses are to be damages in this case? Certainly. It's under the, as a matter of contract, damages law. This is very different from every other attorneys' fees case I've ever had because normally you're talking about seeking fees from the opposing party under an exceptional case standard or something like this. But under contract damages law, it's very well settled that if someone else's breach of contract causes me to become a party to litigation with someone else, that I'm entitled to recover that as damages, including whatever I have to pay out and whatever costs I incur in doing so. There are no other, there are no traditional damages in the sense of royalties or lost profits here, right? And couldn't be because of your settlement with Scientific Atlanta already? Well, I guess it means, yes and no. I'm going to take issue with the word traditional because this is a form of damages under contract law. It's been around since the first restatement of contracts. It's been around for probably 100 years, which I would consider traditional. Virtually every jurisdiction to address the question has adopted this rule of contract law. And the Delaware Superior Court has consistently adopted and applied the law, the rule as well. And so they can say that, well, the Delaware Supreme Court has not squarely opined on it yet. But as a matter of predicting state law, when there's an overwhelming majority rule, that tends to control. When the state lower courts are consistent, that tends to control. And even on top of that, there's simply no indication that the Delaware Supreme Court would choose to be an outlier on this issue because it follows normal principles of contract law and damages. The only argument on the other side is that, well, the Delaware Supreme Court has a general rule against, under the American rule, against awarding attorney's fees. But that's also true of every other jurisdiction that recognizes the well-accepted third-party litigation rule. Because, as the Delaware Superior Court explained in the Ramada Inns case, they're just different things. Seeking fees against an opposing party for misconduct or whatever is one thing. Seeking contract damages from third-party litigation is just a different thing. And so they address different issues. I was going to say, in the end, though, we have a very simple point here, which is that PMC can't assert that it owns rights that we think we do. Go around suing our licensees and potential licensees based on that. But then turn around and tell you that there's no actual dispute when they want to avoid a resolution of the dispute. Thank you. Thank you, Mr. Josepher. Mr. Subbermanian. Good morning, and may it please the Court. Your Honor, you're exactly right that there's a threshold issue here as to whether there's original federal jurisdiction over either of the claims that GEMSTAR is asserting against PMC. And the answer is there is not. And they can talk about a claim-by-claim analysis, putting some claims within the contract and some claims outside of the contract. Does the supplemental jurisdiction make this issue pretty easy to resolve, however? No, that's not true. Once you find there's no federal jurisdiction, the question is whether there's supplemental jurisdiction. And we know what the district court thought about that. Well, we can send it back to them, and they can find out, right? Well, that remand would be futile in this instance because when the district court in the first instance said that there was no allegation of original federal jurisdiction over the breach of contract claim, it went on to say that it declined the exercise of supplemental jurisdiction. Well, it later rescinded that. It later said that there was original federal jurisdiction, but never backtracked on a supplemental jurisdiction holding. Why wouldn't it be an abuse of discretion not to exercise supplemental jurisdiction? You have cases in a variety of circuits, including the Parker case in the 11th Circuit, which says that once a case has gone to trial, it's an abuse of discretion to dismiss for one of supplemental jurisdiction. Well, a few reasons here. In the Parker case, the liability determinations on the state law claims had already been made and resolved on appeal. There was just a remand for consideration of damages issues. That's far afield from this case. In this case, none of the heavy lifting has actually been done. The district court has to actually declare the rights of the parties in these— But there has been a trial. There have been 10 years of proceedings, right? Your Honor, you're right that there has been a hearing of the witnesses that have testified at this trial. But the district court has issued not even one substantive ruling on the merits of this dispute. Well, is there any case that holds that it's within the discretion of the district court to refuse to exercise supplemental jurisdiction after a trial of the issue? There is, actually. In the Second Circuit, in the case Powell v. Gardner, that's 891 F. 2nd, 1039. The Second Circuit, after a trial on the merits of a Section 1983 claim, held that the district court properly dismissed pendent state law claims after directing a verdict in favor of the defendant on the Section 1983 claim. That was after a trial on the merits. Those are pretty attenuated issues, though. These are all pretty orbiting quite clearly around the federal rights to patent enforcement, right? That's not true at all, Your Honor. This case started out as a patent case. When Mr. Joseph refers to the 10 years of litigation, for most of that time, this was a patent infringement case involving Scientific Atlantis. But the parties to this appeal have long since settled all their disputes with Scientific Atlantis, and Scientific Atlantis is out of the case. This dispute between PNC and GEMSTAR doesn't involve infringement at all. It doesn't involve validity. It doesn't involve any other patent issues. It's a pure declaration of the rights of the parties in a contract. Why do you want to avoid the court that has the most familiarity and the quickest opportunity to resolve this? Well, one, I don't think that the court has the most familiarity. Just stick to the main question. Why would you want to start all over someplace else? When you've got a court that knows the issues, knows the setting, has dealt with all these issues, why don't you just want to finish it up? Because there are actually other disputes involving other defendants and other technologies, some of which GEMSTAR is a party in. I mean, there's a case in Delaware. Technology suits. That sounds like patents again. No, no. But still, ten years of experience, and you want to start over. You've got to explain that. Well, it's not – first of all, it's not starting over. As GEMSTAR has informed the court, this isn't the only – Why are you avoiding federal jurisdiction here? We're avoiding federal jurisdiction here because the case involving Scientific Atlanta, the actual infringer, has abated. And as the district court itself pointed out, when it was looking at the mootness issue – You're not answering the question. You're talking a lot about – but you're not telling me why you don't want to. There must be some reason. You must feel that you might not get the results you want. What's going on? Because we're involved in other litigation, and this dispute should be answered in the context of those live litigations about actual technology. Are those federal patent suits? Those are patent infringement suits with actual infringers, and those are still live suits. Which involves the same license question that's involved here? Not the exact same license question because in the trial in this case, if you look at the record, GEMSTAR actually put up witnesses from Scientific Atlanta, the infringer, to talk about the technology. And so did PNC. They put up a witness. Well, how are the license issues different in these other cases? Because the actual declaration that the court would enter would be that the technology that is at issue in the case, this set-top box or this application. If you look at the contract, that falls into the rights in the contract. So it is a question of state contract law, but it is very much centered on who the defendant is and what the technology is. And so now GEMSTAR wants the court to reach out. Now that's starting to sound like original jurisdiction. No, because it doesn't involve any substantial and disputed question of patent law. It's purely about products and which products go into the functional field of use within the contract. And you don't have to take my word for it. If you look at the record in this case, you're not going to see any mention of any patent law issues, not infringement, not validity, not claim construction, not anything else. Because it's purely about what the products are and whether those products fit within the field of use within the license, the contract. It doesn't have anything to do with interpreting the claims or the patents or anything else. These are state law contract claims now that are being – that GEMSTAR is seeking a declaration as to in the abstract. And that's exactly what the district court said. It said that when scientific land is out of this case, now what GEMSTAR is requesting that I do is issue an advisory opinion about the rights of the parties as to a hypothetical infringer. And that's not appropriate in this case. And there are other forums that GEMSTAR can go to, namely the Delaware federal case where GEMSTAR is a party. And in terms of starting over from scratch, I just want to mention that when GEMSTAR attempted to intervene in the Texas case at the very last minute – and its motion to intervene was denied because it was at the very last minute – it was portable. It could be used in that proceeding. And that's certainly the case. No one is saying that GEMSTAR has to start over from scratch or that the parties have to start over from scratch. So what you want is a different judge. No, it's not a different judge, but it should not be answered in the context of this proceeding. Well, what's at stake now here is some attorney fees, right, and litigation expenses. I'm struggling to find why you want to leave a court that's been dealing with this at such length and knows the parties and knows the expenses and can set that rather quickly. Well, there are other courts that have been addressing some of these similar issues. Now, on the question of attorney's fees, we don't think that GEMSTAR is entitled to those fees in the first instance. But one of the problems here – Why? Because these types of litigation fees are not authorized damages under Delaware state law. And granted, GEMSTAR has – Has a Delaware court said that? No, a Delaware court has not answered that question, and that's exactly why. Why would you think Delaware would go contrary to Arizona, California, Florida, Hawaii, and I'll stop reading the list? You know what goes on. You're exactly right. The majority of state courts to address this issue have found that these types of litigation fees could be damages. Delaware has not. And the only federal court to address this issue to try to predict what Delaware would do found that it would not acknowledge these types of litigation fees as damage. That's the Group Ocondomex case out of the Sixth Circuit. And the whole question –  The reason why jurisdiction is important here and why supplemental jurisdiction should be rejected in this case is because the district court is being asked to make a prediction about what Delaware would do as to a complicated and novel question of damages in this instance. And it doesn't have to. But it's not that novel because every state practically that's addressed it has decided it and resolved it the way their argument should be resolved. Well, not every state, Your Honor. There are definitely – I said almost. Right. There are courts in some states where there is certainly confusion as to whether the state would adopt this rule in that context. But as the Sixth Circuit pointed out, and its analysis on this I think is very apropos, it says that Delaware is very, very conservative in how it interprets the American rule. It doesn't admit of many exceptions in this case. Well, this isn't an American rule question. This is a damages question. Right. But it does intersect with the American rule because the whole rule is that you can – if you have a contract claim, and that distinguishes this from the Ramada Inns case Commissioner Josepher pointed to, if you have a contract, you can specify in your contract when you want to shift attorney's fees. And GenStar did not do that. And so they are trying to escape that and call these attorney's fees damages. And that's exactly why the Delaware court has in previous cases said that they construe that rule very strongly, and they don't admit of many exceptions to this rule. And notably in this context, Your Honor, while GenStar spends pages and pages talking about this particular exception, the third-party litigation rule, in this court, if you look at its briefing on the motion in Lemonet and the motion for reconsideration in the trial court, you'll see that there's no discussion of this particular exception to the rule. And that's why if you look at the district court opinion, it talks about the bad faith exception to the American rule and some other exceptions, but it doesn't talk specifically about this issue because it was waived before the district court. So for a number of different reasons, this is not a case where this particular issue of state law needs to be addressed. And there are other forums where GenStar can go to pursue its rights. And it doesn't have to start from scratch. There is a portable evidentiary record, as GenStar has pointed out itself, in pleadings to other judges that can be used to establish these issues, not in the context of a hypothetical scenario, which is what we have here. Scientific Atlanta is gone. But in the context of a particular defendant and particular technology. And it is much easier to grasp these issues and to work on these issues in that context as opposed to this hypothetical one. If there are no further questions, thank you very much. Thank you, Mr. Subramanian. Mr. Joseph, do you have your rebuttal time? Well, thank you. Just a few points. One is about the other suits. I'm pretty sure it proves our point. The first, that the parties are litigating the same thing in other courts or could be is proof positive that there's a live case for controversy because then we're just talking about which court, which should resolve jurisdictional questions. The second, their argument now that, well, the dispute here, even the licensing dispute, the Dexart Judgment Act licensing dispute, is really tied to the facts of Scientific Atlanta. It's not correct for a few reasons, one of which is, I mean, Mr. Subramanian just agreed that the record that was developed here is portable to another case. So you can take this record, bring it over to the Texas action, and have them resolve the licensing dispute based on this record, which they say concerns only Scientific Atlanta. They're right about the first of those, but that disproves their point about the differences. As to why the licensing dispute is not tied at all to any individual defendant, and I'm talking now about the DJ claim, not the contract claim. On the DJ claim, the dispute here is just over the scope of the licensing rights. Our view is that the exclusive field of use covers the broad range of IPT technology, Interactive Programming Guide technology, deployed in a set-top box, for example, a cable or satellite TV operator. Their view is that, no, the exclusive field of use only covers a very narrow subset of that. And we don't, obviously, you don't need to get into the merits here, but the point is that, for jurisdictional purposes, is that that's a generally applicable global dispute. One way I can prove that to you, and I know you don't have a record from the district court on this point because he didn't address this point, and having sat through the trial, there's no way he would have agreed with it. But if you look to the pre-trial, the party's pre-trial order, which is in the joint appendix at pages 5474 to 5475, both parties' statements of the issues show that we're right on this. And I like, actually, our statement of the issues, the first question was just, what's our licensing rights? And then later we had issues about Scientific Atlanta. With them, they set out, the first three issues they said were just GEMSTAR's licensing rights. And then from 4 on, they have issues about Scientific Atlanta. But here's the kicker. What they say about that is they say, PMC requests that the court bifurcate the trial so that it first determines the scope of the license agreement, which is to say the DJ licensing dispute with a portable record. And then, after sufficient expert discovery in a second trial, determine whether PMC breached the exclusive license agreement with respect to Scientific Atlanta. So they recognized all along that you could have a licensing trial, and they wanted to have a licensing trial for the DJ claim that had absolutely nothing to do with Scientific Atlanta. Now, the district court didn't go along with that, and as a result, we quite rightly had a single trial at which most of the evidence strictly concerned licensing. Most of the evidence at trial was testimony about what the licensing agreement means, the party's intent when they entered into it, and the negotiating history, which all bears on that. And that's how you resolve that dispute. Now, we do have the additional breach of contract claim where the alleged breach of contract is their suit against Scientific Atlanta within our field of use. So there was also then, as counsel mentioned, some testimony at trial about the Scientific Atlanta so that we could show that we were also entitled to prevail on a breach of contract claim about them. But the dispute as to licensing is just a global one that just looks to the meaning of the licensing agreement. And again, the district court never agreed with that. Their statement in the pretrial order just confirms that, and they're now concessioned that you could just take this dispute on the same record and bring it to any other court for resolution of the dispute. Really, it should resolve every issue in the case. It certainly resolves jurisdiction. It resolves this thing about what's the dispute really about. And also in terms of whether there is any discretion. Final thought, Mr. Josepher? Yeah, as well, in terms of whether there's any discretion, my final thought is simply that having already tried this case through a bench trial, and not a bench trial or a different federal question than the state law questions. Final thought? My final thought is it's time to sit down. Thank you. All rise. The honor court's adjourned until tomorrow morning at 10 a.m.